**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DES MOINES IRONWORKERS LOCAL NO. 67 PENSION FUND; <br><br> DES MOINES IRONWORKERS LOCAL NO. 67 DEFINED CONTRIBUTION FUND; <br><br> DES MOINES IRONWORKERS LOCAL NO. 67 HEALTH AND WELFARE FUND; <br><br> DES MOINES IRONWORKERS LOCAL NO. 67 APPRENTICESHIP FUND; <br><br> JAMES WATT, as Chairman of the LOCAL NO. 67 PENSION FUND, LOCAL NO. 67 DEFINED CONTRIBUTION FUND, LOCAL NO. 67 HEALTH AND WELFARE FUND, and LOCAL NO. 67 APPRENTICESHIP FUND; <br><br> DES MOINES IRONWORKERS LOCAL UNION NO. 67, <br><br> Plaintiffs, <br><br> v. <br><br> MPCC, LLC d/b/a INTERSTATE REINFORCING STEEL, <br><br> Defendant's Registered Agent: <br> John B. Calacci <br> 2881 Independence Road <br> Iowa City, Iowa 52240 <br><br> Defendant. | Case No. _____ |

**COMPLAINT**

Plaintiffs, for their causes of action against Defendant MPCC, LLC d/b/a Interstate Reinforcing Steel, state as follows:

## NATURE OF THE CASE

1.     This is an action to collect delinquent fringe benefit contributions from Defendant that are due and owing under §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and to collect delinquent dues and assessments under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

## PARTIES

2.     Plaintiff Des Moines Ironworkers Local No. 67 Pension Fund (hereinafter "Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 1501 East Aurora Avenue, Suite B, Des Moines, Iowa 50313. The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3.     Plaintiff Des Moines Ironworkers Local No. 67 Defined Contribution Fund (hereinafter "Defined Contribution Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 1501 East Aurora Avenue, Suite B, Des Moines, Iowa 50313. The Defined Contribution Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

4.     Plaintiff Des Moines Ironworkers Local No. 67 Health and Welfare Fund (hereinafter "Health and Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 1501 East Aurora

Avenue, Suite B, Des Moines, Iowa 50313. The Health and Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

5. Plaintiff Des Moines Ironworkers Local No. 67 Apprenticeship Fund (hereinafter "Apprenticeship Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 1501 East Aurora Avenue, Suite B, Des Moines, Iowa 50313. The Apprenticeship Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

6. The Pension Fund, Defined Contribution Fund, Health and Welfare Fund, and Apprenticeship Fund (hereinafter "the Funds" or "Plaintiff Funds") are each "multi-employer plans" within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

7. Plaintiff James Watt (hereinafter "Watt") is Chairman of the Plaintiffs Pension Fund, Defined Contribution Fund, Health and Welfare Fund, and Apprenticeship Fund. Watt is a proper party to this action based on his official capacity and fiduciary duties to the Funds, including the collection of contributions due to the Funds.

8. Plaintiff Ironworkers Local 67 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers (hereinafter "Local 67") is a "labor organization representing employees in an industry affecting commerce" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and is a legal entity that may sue or be sued, under 29 U.S.C. § 185(b); and maintains its principal office at 1501 East Aurora Avenue, Suite B, Des

Moines, Iowa 50313. Local 67 is a legal entity that may sue or be sued, under 29 U.S.C. § 185(b).

9. Defendant MPCC, LLC d/b/a Interstate Reinforcing Steel (hereinafter "Interstate" or "Defendant") is a limited liability company organized under and existing by virtue of the laws of the state of Iowa and its registered agent, John Calacci, is located at 2881 Independence Road, Iowa City, Iowa 52240. Interstate is an employer within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and is a legal entity that may sue or be sued, under 29 U.S.C. § 185(b).

## JURISDICTION

10. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145; and also pursuant to 28 U.S.C. § 1331.

11. The Plaintiff Funds are administered in Des Moines, Iowa, and therefore venue is appropriate in this district and division pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## CAUSE OF ACTION – FAILURE TO PAY TIMELY FRINGE BENEFIT CONTRIBUTIONS, WORKING DUES AND ASSESMENTS

12. Plaintiffs restate and incorporate herein Paragraphs 1 through 11.

13. Interstate is a party to a collective bargaining agreement (hereinafter "CBA") with Local 67. The CBA has been in effect at all times relevant to this action.

14. At all times relevant to this action, Interstate has employed employees who have performed work covered by the CBA with Local 67.

4

15. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreements"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBA between Local 67 and Interstate.

16. The CBA entered into between Local 67 and Interstate require that Interstate make monthly contributions to the Funds. Interstate is to contribute to each of the Funds based on the number of hours worked by its employees who are covered by the CBA.

17. The CBA and Trust Agreements further requires Interstate to provide the Funds with monthly reporting forms detailing the number of covered employees, the hours worked by those employees, and the amounts payable to the respective Funds.

18. Plaintiff Funds need these reports to ensure that Interstate remits the proper amount of fringe benefit contributions.

19. Per the CBA and Trust Agreements these reports must be submitted to the Funds on or before the 15th day of the month following in which the work was performed. Payments or reports not provided within five (5) calendar days of the due date are deemed delinquent.

20. The CBA requires Interstate to contribute to the Funds at rates prescribed by the CBA.

21. The CBA and/or Trust Agreements provide that the Funds are entitled to liquidated damages assessed against Interstate in the amount of 10% of the delinquent amount on the date the delinquency commenced.

22. The CBA and/or Trust Agreements provide that the Funds are entitled to interest at the rate of the prime interest rate plus 2% of the delinquent amount on the date the delinquency commenced.

23. The CBA and Trust agreements provide that the Funds can collect all reasonable attorneys' fees incurred by the funds in collecting the delinquency. Reasonable attorneys' fees are mandatory under ERISA. 29 U.S.C. § 1132(g)(2)(D).

24. On April 29, 2019, Interstate submitted remittance reports for December 2018, January 2019, February 2019, and March 2019, showing Interstate owes $35,397.19 in contributions to the Funds.

25. As of the date of this Complaint, Interstate has failed to timely contribute to the Funds for work performed in December 2018, January 2019, February 2019, and March 2019.

26. As of the date of this Complaint, Interstate owes at least $2,819.73 in liquidated damages for its delinquent contributions for work performed in December 2018, January 2019, February 2019, and March 2019.

27. As of July 22, 2019, Interstate owes at least $1,785.00 in interest for its delinquent contributions for work performed in December 2018, January 2019, February 2019, and March 2019.

28. The CBA entered into between Local 67 and Interstate require that Interstate deduct from the net wages of all covered employees $2.96 for each straight time hour worked and $5.92 for each overtime hour worked for the Vacation Plan.

29. The terms of the CBA require that on or before the 15th day of each succeeding month Interstate send a single check for payment to the Vacation Plan.

30. Interstate has failed to remit payment for contributions to the Vacation Plan of at least $6,673.32 for hours worked by covered employees during December 2018, January 2019, February 2019, and March 2019.

31. Under the CBA, Interstate agreed to contribute to the Ironworker Management Progressive Action Cooperative Trust (hereinafter "I.M.P.A.C.T.") fund three-fourths of one percent per each actual hour worked by Local 67 employees covered by the CBA.

32. Interstate failed to remit contributions for the I.M.P.A.C.T. fund of at least $376.91 for work performed in December 2018, January 2019, February 2019, and March 2019.

33. Under the CBA, Interstate agreed to contribute an additional $.04 of each hour worked by all covered employees to the Erectors Fund held in trust for the Central Iowa Ironworking Contractors' Association ("C.I.I.C.A.").

34. Interstate failed to remit contributions for the C.I.I.C.A. fund of at least $88.68 for work performed in December 2018, January 2019, February 2019, and March 2019.

35. Interstate has further failed to provide dues owed to Local 67 from employees covered by the CBA for December 2018, January 2019, February 2019, and March 2019.

36. Dues are to be collected by Interstate at a rate of $2.96 per regular hour worked and $5.92 per overtime hour worked by employees covered under the CBA.

37. Interstate has failed to report the hours of covered work performed by its employees and to remit payment for the contributions owing for those hours for work performed in April 2019, May 2019, and July 2019.

38. The Funds are entitled to receive liquidated damages and interest pursuant to the CBA and/or Trust Agreements and by law for delinquent contributions from unreported covered hours worked April 2019, May 2019, and July 2019.

39. The CBA and Trust agreements provide that the Funds can collect all reasonable attorneys' fees incurred by the funds in collecting the delinquency. Reasonable attorneys' fees are mandatory under ERISA. 29 U.S.C. § 1132(g)(2)(D). The Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Interstate's failure to timely pay contributions under the CBA and Trust Agreements.

40. The CBA and Trust Agreements provide that the Funds can audit Interstate using a Certified Public Accountant, and examine Interstate's books and records that may be relevant in calculating the proper contributions under the CBA and Trust Agreements.

41. The CBA and Trust Agreements provide that Interstate is liable for and shall pay to the Funds the reasonable costs of such an examination or audit if the audit reveals a discrepancy of ten percent or greater of Interstate's contributions owed during the audit or examination time period.

**WHEREFORE**, Plaintiffs pray that the Court enter an Order:

(1) Finding that Interstate is liable to the Funds for delinquent fringe benefit contributions due and owing under the CBA and/or Trust Agreements for the months of December 2018, January 2019, February 2019, and March 2019, totaling $35,397.19 less a credit for any payments made;

(2) Finding that Interstate is liable to the Funds for delinquent contributions to the I.M.P.A.C.T. and C.I.I.C.A funds due and owing under the CBA and/or Trust Agreements for the

months of December 2018, January 2019, February 2019, and March 2019, totaling $465.59 less a credit for any payments made;

(3)     Finding that Interstate is liable to Local 67 for delinquent dues and assessments that are due and owing under the CBA and/or Trust Agreements for the months of December 2018, January 2019, February 2019, and March 2019, totaling $6,673.32 less a credit for any payments made;

(4)     Requiring Interstate to submit reports for work performed by employees covered under the CBA for April 2019, May 2019, and July 2019;

(5)     Finding that Interstate is liable to the Funds for delinquent fringe benefit contributions due and owing under the CBA and/or Trust Agreements for the months of April 2019, May 2019, and July 2019.

(6)     Finding that Interstate has further failed to provide dues and assessments owed to Local 67 from employees covered by the CBA for April 2019, May 2019, and July 2019.

(7)     Finding that Interstate is liable to Plaintiffs for delinquent dues and fringe benefit contributions that become due and owing under the CBA and/or Trust Agreements after this lawsuit is filed;

(8)     Requiring Interstate to permit a qualified, Certified Public Accountant, selected by Plaintiffs, to audit Interstate's books and records at Interstate's expense to determine any and all other contributions, liquidated damages, and interest that are due and owing to Plaintiffs, now or in the future, under the collective bargaining agreements;

(9)     Allowing Plaintiffs to apply for an award against Interstate pursuant to the CBA and/or Trust Agreements, which would include:

    (a)    Liquidated damages due upon the delinquent contributions, including (but not limited to) the $2,819.73 described herein;

    (b)    Interest that has accrued and continues to accrue upon delinquent contributions, including (but not limited to) the $1,785.00 in interest that has accrued as of September 17, 2019 on delinquencies to the Funds described herein;

    (c)    Liquidated damages and interest for future amounts, current amounts that have yet to be reported, and from previous partial payments; and

    (d)    Plaintiffs' costs of this action attributable to the collection of Interstate's delinquent dues and contributions, including Plaintiffs' reasonable attorneys' fees.

(10)    Granting the Plaintiffs such other relief that the Court may deem just and proper, including additional interest that accrues during the pending of this action.

Respectfully submitted:

**BLAKE & UHLIG, P.A.**

By:    /s/ Jason R. McClitis
Jason R. McClitis IA: AT0013557
753 State Ave., Suite 475
Kansas City, Kansas 66101
(913) 321-8884 - Phone
(913) 321-2396 - Fax
jrm@blake-uhlig.com
**ATTORNEYS FOR THE PLAINTIFFS**